---

(Franklin County Common Pleas.)
THE STATE OF OHIO v. JOHN ATKINSON.

---

To convict a prisoner in the Ohio Penitentiary who killed one of the guards in his attempt to escape, of murder in the first degree therefor, premeditation and deliberation in the killing must be shown beyond a reasonable doubt.

---

Indictment for murder in first degree under section 6808, Revised Statutes, committed while attempting to escape from the Ohio Penitentiary.

Findings, opinion and decision, by

BADGER, J.

This cause is heard and submitted to the Court, pursuant to the statute, on a plea of guilty of murder by the defendant and on the evidence and arguments of counsel.

On consideration thereof, as to the facts, the evidence shows, and as to the facts and the law, the Court finds:

That there was neither premeditation or deliberation by the defendant as to the killing of said C. B. Lauderbaugh;

That the same was not done in the perpetration or attempt to perpetrate rape, arson, robbery or burglary, at the time of the killing, so as to obviate the necessity of proving premeditation and deliberation to constitute the capital grade of crime;

That the fact that the homicide was committed in an attempt to escape from the Ohio Penitentiary does not obviate the necessity of proving, beyond a reasonable doubt, premeditation and deliberation in order to make the crime murder in the first degree;

That if the General Assembly had intended any other effect to be given to section 6808 of the Revised Statutes, it would have required it by adding or including in the section in the words "in escaping or attempting to escape from the Ohio Penitentiary, or other penal institution," or words to that effect; but it has not done so; the statute is silent on the subject, and the Court has no power to make a criminal statute, by interpretation, broader than the Legislature has done; it must be content to enforce the statute as it finds it, strictly;

That it is obvious that when the words of the statute "in perpetrating or attempting to perpetrate rape, arson, robbery or burglary" were added to the section to obviate the necessity of proving "premeditation and deliberation" to make the crime murder in the first degree, the General Assembly did not have in mind such a deplorable and seemingly almost intolerable condition of affairs as now exists at the Ohio Penitentiary and as appears to have existed in the conduct and management of that institution

for more than a year last past, during the administration of its present Warden, E. G. Coffin;

That, undoubtedly, if the General Assembly could have foreseen and appreciated this condition and management of the affairs and the lax and reprehensible discipline at the Penitentiary, as they have existed for the time mentioned, and had given attention to the exact condition of the legislation on the point, it would have so enlarged the scope of the statute as to make proof of an escape or attempt to escape therefrom supply the element of premeditation and deliberation in such a case as this, as it already does, in the case of ''rape, arson, robbery and burglary;'' but the Court cannot enlarge the language or the definition of this highly penal statute, much as it deplores the affrays and disorder and violence that now seem to be of such frequent occurrence in the State Prison, and, if the management of said institution is not to be improved from its present condition, in the near future, the next General Assembly should amend the statute on the lines and in the manner above indicated to meet and include just such cases as this;

That such have been the misconduct, want of discipline and mismanagement of that institution recently as to invite, and be responsible for just such insubordination, violence and murder, as this evidence shows;

That if the defendant and prisoners of his class, which applies to all such thugs and thieves in the penitentiary, were so placed and rigorously treated that escape would be impossible and attempts at escape futile, by securely confining them and not placing or permitting weapons of a dangerous character to be left within their reach or possession, then occurrences demanding prosecution of this kind would be obviated or greatly diminished;

That there being no evidence showing, under the rule, premeditation or deliberation and the evidence showing that said homicide was not committed in perpetrating or attempting to perpetrate rape, arson, robbery or burglary, the defendant cannot lawfully be convicted of a higher degree of crime than murder in the second degree, of which the evidence shows, and the Court finds, him guilty, beyond a reasonable doubt.

The defendant is therefore sentenced to the Ohio Penitentiary for the remainder of his natural life.